**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MELANIE MINTZ,

Plaintiff-Appellant,

v.

PHILIP MORRIS USA, INC.; R.J.
REYNOLDS TOBACCO COMPANY,

Defendants-Appellees.

No.    16-15397

D.C. No. 4:04-cv-01221-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Argued and Submitted December 7, 2020
San Francisco, California

Before:  LUCERO,[**] W. FLETCHER, and IKUTA, Circuit Judges.

Melanie Mintz, as successor-in-interest to Nikki Pooshs, appeals a final

judgment in favor of defendants Philip Morris USA, Inc. and R.J. Reynolds

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Carlos F. Lucero, United States Circuit Judge for the
U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Tobacco Company following a jury verdict in the defendants' favor. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

The district court properly instructed the jury regarding but-for causation. Generally, a plaintiff must establish that the alleged harm would not have happened but for the defendant's wrongful conduct. *See Viner v. Sweet*, 30 Cal. 4th 1232, 1239 (2003). This requirement is relaxed in situations involving concurrent independent causes. *See Major v. R.J. Reynolds Tobacco Co.*, 14 Cal. App. 5th 1179, 1196 (2017). Pooshs' claim did not present such a situation. The question before the jury was simply whether smoking cigarettes of any kind caused Pooshs' cancer. Neither Pooshs nor the defendants alleged a concurrent independent cause. There was therefore no need for the district court to deviate from the ordinary jury instruction regarding but-for causation.[1]

Also appropriate was the district court's exclusion of evidence relating to Pooshs' other potentially smoking-related diseases under Federal Rule of Evidence 403. Pooshs had stipulated that these diseases were separate and distinct from her lung cancer. *See Pooshs v. Philip Morris USA, Inc.*, 2016 WL 860985, at *6-7 (N.D. Cal. Mar. 7, 2016). The district court's conclusion that evidence concerning

---

[1]Even if Philip Morris' alternative *de minimis* use argument constituted a concurrent independent cause, any instructional error was harmless in light of the jury's verdict as to R.J. Reynolds. *See Kennedy v. S. California Edison Co.*, 268 F.3d 763, 770-71 (9th Cir. 2001).

these diseases would therefore be irrelevant and unfairly prejudicial, citing concerns about jury confusion and improper elicitation of sympathy, was not an abuse of discretion under the "considerable deference" we owe the district court's determination. *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir. 2000) (quotation omitted).

The district court's rejection of Pooshs' request to include a question about the allocation of fault on the special verdict form was also not reversible error. Evidence concerning the culpability of any party other than defendants had been excluded prior to trial. Mintz's argument that the jury may not have wished to hold the defendants responsible because they believed that Pooshs' injury was partly but not entirely the defendants' fault is therefore not only speculative but belied by the record. The argument is also contradicted by the actual basis identified by the jury for their verdict: their answer of "No" to the question on the verdict form about whether smoking the defendants' cigarettes caused Pooshs' lung cancer.

**AFFIRMED**.